UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
THOMAS MILTON

        Plaintiff,

- against -

ROSICKI, ROSICKI, & ASSOCIATES, P.C,
NCB SAVINGS BANK, FSB,
GREENSTEIN STARR GERSTEIN
& RINALDI, LLP, and
ANDREA L. ROSCHELLE,

        Defendants.
----------------------------------------------------x

ORDER

02 CV 3052(NG)

**GERSHON, United States District Judge:**

    Defendants Greenstein Starr Gerstein (GSG) and Andrea L. Roschelle move for reargument and reconsideration of the court's September 30, 2004 Opinion. Defendants err in arguing that the court did not examine the May 17, 2001 and November 5, 2001 notices and that the court misapplied *Goldstein v. Hutton*, 374 F.3d 56 (2d Cir. 2004). The court denies reargument for these matters.

    Defendants are correct, however, that the court overlooked that part of GSG and Roschelle's motion which sought dismissal of plaintiff's state law claims. Specifically, the court did not address defendants' arguments that plaintiff had failed to state a claim for (1) intentional infliction of emotional distress, (2) breach of contract, and (3) violation of New York General Business Law § 349. The court grants reargument with regard to these claims. On reargument, plaintiff's state law claims against GSG and Roschelle are dismissed.

    Plaintiff describes the breach of contract claim as a breach of the "Proprietary Lease." However, defendants were not parties to the lease. The complaint clearly does not

1

state a claim for breach of contract as to defendants GSG and Roschelle; indeed, plaintiff does not argue otherwise.

Plaintiff's claim of intentional infliction of emotional distress also fails as a matter of law. *See* Opinion and Order of September 30, 2004 at p. 13. Plaintiff's specific allegations against defendants GSG and Roschelle are not sufficient to give rise to a claim for intentional infliction of emotional distress.

Turning to plaintiff's claim under New York General Business Law § 349, it will be assumed *arguendo* that, as plaintiff argues, a co-operative shareholder may seek relief against an alleged debt collector under that statute. Nonetheless, plaintiff has failed to state a claim against these defendants. Plaintiff has failed to identify a "deceptive act or practice" allegedly engaged in by GSG or Roschelle. He conclusorily alleges in the Fourth Count of the Amended Complaint that their "conduct acts and omissions," as alleged previously in the prolix complaint, fall within Section 349. Plaintiff's claim in essence is simply that he did not owe the money. He identifies neither any deception occurring in the defendants' drafting and sending of Notices from the co-op Board to collect maintenance nor how any deception on their part led him to be injured. Without such allegations, plaintiff has failed to state a claim under Section 349.

In sum, the state law claims against GSG and Roschelle are dismissed.

SO ORDERED.

/s/
_____
Nina Gershon
United States District Judge

Dated:  December 16, 2004
        Brooklyn, New York

2